UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONAL DEFAULT SERVICING CORPORATION,<br><br>　　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>JOANNE T. ORLANDO, et al.,<br><br>　　　　　　　　　　　Defendant(s). | Case No.2:24-CV-1339  JCM (BNW)<br><br>ORDER |

Presently before the court is defendant CitiMortgage's motion for default judgment. (ECF No. 32).  No responses were filed.

**I.　　Background**

This is an interpleader action.  On or about May 11, 2024, defendant Joanne Orlando executed a promissory note in exchange for approximately $452,000.00.  (*Id.* at 2).  She used 558 Yellow Ash Street, Las Vegas, NV 89119, assessor's parcel number 163-26-814-018, as collateral for the lender to secure repayment of the note.  (*Id.*)  The lender recorded the deed of trust, which granted a non-judicial foreclosure power of sale.  (*Id.*)

Orlando ultimately defaulted on the note.  (*Id.*)  Plaintiff, as trustee, sold the collateral property using the power of sale.  (*Id.*)  The sale generated proceeds more than the amount owed under the note.  (*Id.*)  Plaintiff took constructive possession of the excess proceeds and initiated this interpleader in the Eighth Judicial District Court for Clark County, Nevada, seeking to resolve apparent claims on the proceeds as between defendants CitiMortgage, Internal Revenue Service

(IRS), and Orlando. (*Id.* at 2–3). The IRS removed the case to federal court. (ECF No. 1). CitiMortgage answered the complaint, claiming priority on the excess proceeds. (*Id.* at 3). The IRS acknowledged CitiMortgage's priority over its federal tax liens. (*Id.*) Orlando has not made an appearance in this case.

**II.     Legal Standard**

To obtain default judgment a party must follow a two-step process governed by FRCP 55. *See Eitel v. McCool*, 782 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule." Fed. R. Civ. P. 55(b)(2).

The choice whether to enter a default judgment lies within the discretion of the trial court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). *Eitel v. McCool* laid out the following factors that a district court might consider when exercising its discretion as to the entry of default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. 782 F.2d 1470, 1471–72 (9th Cir. 1896).

"A named interpleader who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted" if service was properly effected upon them. *Standard Ins. Co. v. Asuncion*, 43 F. Supp. 3d 1154, 1156 (W.D. Wash. 2014)

(citing *Sun Life Assur. Co. of Canada, (U.S.) v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006). The court may, in its discretion, grant default judgment against the non-appearing interpleader defendant(s) "where the only remaining claimant demonstrates its entitlement to the funds and does not dispute the respective distributions." *Id.* (internal citations omitted); *see also Thrivent Fin. for Lutherans v. Bloomquist*, 2018 WL 3312979, 2018 U.S. Dist. LEXIS 111659, at *4 (D. Nev. July 3, 2018) ("[C]ourts recognize the right of a defendant in an interpleader action to obtain a default judgment") (collecting cases).

**III.   Discussion**

CitiMortgage obtained a clerk's entry of default on February 24, 2025, in compliance with FRCP 55(a).  (*See* ECF No. 29).  The court has personal jurisdiction over the parties and subject matter jurisdiction over the case.  (ECF No. 32 at 5); *see Mallory v. Chandler*, 2009 WL 3202385, 2009 U.S. Dist. 92318 at *5 (D. Nev. 2009) (in exercising discretion to grant entry of default judgment, court has duty to determine personal and subjection matter jurisdiction).  Plaintiff properly served all defendants.  (*See* ECF Nos. 4-1, 5-1, 6-1).  The court can therefore consider CitiMortgage's motion for default judgment.

A.   *Eitel* Factors

Default judgment for CitiMortgage is appropriate.  The court assesses each of the *Eitel* factors in turn below.

*1.   Possibility of prejudice to CitiMortgage*

When a defendant refuses to appear and defend the claims against it, this non-appearance "prejudices [the party's] ability to pursue its claims on the merits and seek recovery of damages." See *Servfaces Gmbh v. Truong*, 2020 WL 854188, 2020 U.S. Dist. LEXIS 28692, at *6 (D. Nev. Feb. 20, 2020) (Gordon, J.).  CitiMortgage claims that it has a security interest in the property,

second only to the deed of trust already fulfilled through the non-judicial foreclosure sale. (ECF No. 14 at ¶ 4). There is a possibility of prejudice because without default judgment CitiMortgage will not be able to recover any of the debt owed to it. This factor favors entry of default judgment.

*2. Merits of CitiMortgage's claims and sufficiency of the complaint*

"The second and third *Eitel* factors favor default judgment if the plaintiff makes enough factual allegations to state a claim upon which relief can be granted, in accordance with Rule 8(a)." *Nike, Inc. v. Fujian Juialimeng Shoes Co.*, 2019 U.S. Dist. 55583, at *5 (D. Nev. Mar. 6, 2019) (citing *Eitel*, 782 F.2d at 1471; *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)). Upon default, the court accepts as true the factual allegations of the party's complaint, except as to damages. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)). As discussed below, the second and third *Eitel* factors weigh in favor of entering default judgment for CitiMortgage.

Plaintiff brought an interpleader to resolve apparent claims to the exceeds proceeds from the non-judicial foreclosure sale. (ECF No. 1-3). Interpleaders are recognized under FRCP 22. Plaintiff also brought a claim for declaratory relief to determine title to the proceeds under NRS 40.462. (ECF No. 1-3). Plaintiff's complaint its well-pled as it identifies the defendants—CitiMortgage, the IRS, and Orlando—sets forth the claims for relief, and includes specific facts as to each. (*Id.*) Likewise, CitiMortgage, through its answer to the petition for removal and stipulation with the IRS as to the excess proceeds, clearly identifies its rights to the interpleaded funds.[1] (ECF No. 32 at 7; ECF No. 14 at 6,

---

[1] CitiMortgage highlights the following claims from its interpleader:
- The amount owed to CitiMortgage as of the date of the foreclosure sale was: $111,046.10.
- The surplus funds at issue belong to CitiMortgage.
- Defendant has priority to the surplus funds or Excess Proceeds at issue in the CitiMortgage.

- 4 -

¶¶ 1–5).; *see generally* ECF No. 31).

### 3. Sum of money at stake in the action

Default judgment is warranted if the money at stake in the action is proportionate to the seriousness of the conduct. *Servfaces Gmbh v. Truong*, 2020 U.S. Dist. LEXIS 28692, at *6 (D. Nev. Feb. 20, 2020). This also applies in interpleader actions. *Thrivent Fin. for Lutherans v. Bloomquist*, 2018 WL 3312979, 2018 U.S. Dist. LEXIS 111659, at *4 (D. Nev. July 3, 2018).

This factor supports default judgment. CitiMortgage pleads that the debt owed by Orlando on its deed of trust is $111,046.10. (ECF No. 6). The excess proceeds, totaling $104,316.86, will therefore not satisfy CitiMortgage's deed of trust. (ECF No. 19). Indeed, the IRS will walk away with its federal tax lien unsatisfied. (*See generally* ECF No. 31).

### 4. Possibility of a dispute concerning material facts

The fifth *Eitel* factor weighs against default judgment where there is a possibility of dispute about material facts. 782 F.2d at 1471–72. "Because this court takes all allegations in a well-pleaded complaint as true after the clerk enters default, there is no likelihood that any genuine issue of material fact exists" here. *See Nike*, 2019 U.S. Dist. 55583, at *9. There is no genuine dispute of material fact in the record. Orlando failed to respond, and the IRS admitted to CitiMortgage's priority over the excess funds. (ECF No. 30). Thus, this factor weighs in favor of default judgment.

. . .

---

- CitiMortgage had a valid security interest on the Subject Property at issue in the Complaint, the Second Deed of Trust, AND must be given priority when distributing the Exceeds proceeds of the foreclosure sale referenced in the Complaint.
- No other party has claims to the Excess Proceeds. No party has established its identity, how it acquired an interest in the proceeds, or its interest in the Excess Proceeds of the foreclosure sale.

### 5. *Whether the default was due to excusable neglect*

The sixth *Eitel* factor favors default judgment if "the defendant has been properly served or plaintiff shows that defendant is aware of the lawsuit and failed to answer." *Thriven Fin. for Lutherans*, 2018 U.S. Dist. LEXIS 111659, at *9 (citing *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987)).

There was no excusable neglect here. Orlando was served with the complaint, and to this day has not appeared in the case. (*See* ECF No. 5-1). CitiMortgage claims that Orlando cannot claim ignorance of the instant action as Orlando apparently contacted CitiMortgage to "request more time to respond" to the motion for clerk's default—after it had already been granted. (ECF No. 32 at 9; *see* ECF No. 29). This factor weighs in favor of default judgment.

### 6. *The strong policy favoring decisions on the merits*

Courts strongly favor deciding cases on the merits. However, where a defendant fails to appear or respond, such a decision is not possible. "Denying default judgment on this factor in this context would preclude default judgment whenever a defendant fails entirely to participate in a lawsuit." *Car-Freshner Corp. v. Victory-2000 EOOD*, 2016 WL 7246073, 2016 U.S. Dist. LEXIS 173663, at *24 (D. Nev. Dec. 14, 2016). Again, Orlando has failed to appear in this case. Accordingly, default judgment is favored under this factor.

**IV. Conclusion**

With all seven *Eitel* factors weighing in favor of default judgment, the court finds that it is appropriate to grant default judgment in favor of CitiMortgage. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981) (entry of a default judgment for money is appropriate without a hearing if "the amount claimed is a liquidated sum or capable of mathematical calculation."); Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded

- 6 -

in the pleadings.").

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that CitiMortgage's motion for default judgment (ECF No. 32) be, and the same hereby is, GRANTED.

The clerk of court is instructed to disburse the interpleaded funds, in the amount of $104,316.86, to CitiMortgage. (*See* ECF No. 31; ECF No. 19).

DATED September 30, 2025.

                                                         _____
                                                         UNITED STATES DISTRICT JUDGE